Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00313-CV 

                                                     __________

 

                           FRANCES
GAZELLE WHEELER, Appellant

 

                                                             V.

 

                                  JIMMIE
RAY WHEELER , Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                    Shackelford
County, Texas

 

                                                 Trial
Court Cause No. 2002-037

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
appeal arises from a post-divorce proceeding to divide property omitted from
the parties= divorce
decree.   Appellant, Frances Gazelle Wheeler, asserted that the divorce decree
failed to divide the parties=
interest in the PepsiCo Hourly Employee=s
Retirement Plan (the Hourly Plan).  Appellee, Jimmie Ray Wheeler, agreed that
the decree did not divide the Hourly Plan.  However, the parties disagreed over
the manner in which the Hourly Plan should be divided.  The trial court awarded
all of the parties=
interest in the Hourly Plan to Jimmie.  We affirm. 








                                                               Background
Facts

The
relevant facts in this appeal relate back to the final hearing in the parties= divorce proceeding that
occurred on December 11, 2002.  The parties announced to the trial court at the
final hearing that they had reached a settlement on all contested issues with
respect to their divorce.  They reached this agreement immediately prior to the
final hearing.  They recited the agreement to the trial court at the hearing. 
The trial court concluded the December 11, 2002 hearing by announcing its
approval of the parties=
property settlement.

The
parties subsequently submitted an agreed final decree of divorce that the trial
court entered on March 25, 2003.  The decree awarded all of the parties= interest earned by Jimmie
in the PepsiCo Salaried Employee=s
Retirement Plan (the Salaried Plan) to Frances.  However, the decree failed to
address the parties=
interest earned by Jimmie in the Hourly Plan.  

The
trial court subsequently considered the issue of dividing the Hourly Plan at a
hearing conducted on May 18, 2006.  Frances testified that she and her attorney
did not become aware of the existence of the Hourly Plan until December 2005
when the plan administrator advised her of its existence.  Frances asserted
that she should be awarded all of the parties=
interest in the Hourly Plan based upon the terms of the parties= property settlement
agreement.  Specifically, Frances argued that the parties agreed that she would
receive Awhatever@ retirement plan Jimmie had
with PepsiCo.  Jimmie asserted at the post-divorce hearing that he was aware of
the existence of both PepsiCo plans at the time of the divorce and that he
intended to keep the Hourly Plan for himself.  Jimmie further testified that he
would never have agreed to give all of his PepsiCo retirement benefits to
Frances. 

                                                                        Analysis

Frances
raises two issues on appeal.  She contends in her first issue that there is no
evidence to support the trial court=s
finding of an agreement between the parties that Jimmie was to be awarded the
Hourly Plan.  In her second issue, Frances asserts that the evidence
conclusively established an agreement that she be awarded all benefits
available from PepsiCo.  We will first address Frances=s second issue.








Appellant
bases her second issue on the terms of the parties= property settlement agreement that the
parties dictated into the record.  In construing a written contract, the
primary concern of the court is to ascertain the true intentions of the parties
as expressed in the instrument.  City of Pinehurst v. Spooner Addition Water
Co., 432 S.W.2d 515, 518 (Tex. 1968).  In the absence of fraud or mistake,
the writing alone will be deemed to express the intention of the parties, and
courts will enforce an unambiguous instrument as written.  Id.  The
court is not looking for the subjective intent of the parties (which, as here,
is conflicting and, in fact, creates an ambiguity in the language of the
instrument).  Instead, it is the objective intent, the intent expressed or
apparent in the writing, that is sought.  Id.

The
property settlement agreement dictated by the parties into the record reflects
the informal circumstances under which the parties reached it.  As noted
previously, the parties reached the settlement agreement Aoutside in the hall@ prior to the final hearing
of their divorce.  Frances=s
trial counsel called her as a witness for the purpose of proving up the
jurisdictional elements for the divorce and reciting the terms of the property
settlement agreement.   The portion of the record dealing with Jimmie=s retirement with PepsiCo
is limited to a single question propounded to Frances:

Q. 
      Now there is also another Frito Lay[1]
B either a pension or
profit-sharing plan, some other type of plan, and whatever that plan is and
whatever that benefit is, you will be awarded that; is that correct?

 

A.        That=s my understanding if there
is one.

 

At the
conclusion of the hearing, Frances=s
trial counsel asked Jimmie if Frances=s
testimony reflected his understanding of the property settlement agreement to
which Jimmie replied in the affirmative.








            Relying
upon the above-quoted question and answer, Frances contends that the use of the
term Awhatever@ encompasses multiple
retirement plans that Jimmie had with PepsiCo.  We disagree.  While the use of Awhatever@ indicates that there was a
degree of uncertainty among one or both of the parties regarding Jimmie=s retirement with PepsiCo,
the recitation of the parties=
agreement only references a single retirement plan.   A court may not add to a
contract under the guise of interpretation. See Helmerich & Payne Int=l Drilling Co. v. Swift
Energy Co., 180 S.W.3d 635, 640 (Tex. App.CHouston
[14th Dist.] 2005, no pet.). We are reluctant to expand the property
settlement  agreement=s
application to multiple retirement plans when the agreement only references a
single plan.  Consistent with the parties=
recitation, the final decree awarded a single PepsiCo plan B the Salaried Plan B to Frances.  Frances=s second issue is
overruled.

Frances
argues in her first issue that there is no evidence to support the trial court=s finding that the parties
agreed that Jimmie would be awarded the Hourly Plan.  This issue is directed at
the following finding of fact made by the trial court: A[Jimmie] was to be awarded [the Hourly Plan] 
. . . but it was inadvertently left out of the Decree.@  This finding necessarily includes a
determination by the trial court of an agreement between the parties for Jimmie
to be awarded the Hourly Plan.  

We
agree with Frances that there is no evidence of this agreement.  Specifically,
there is no evidence of the parties=
mutual assent for Jimmie to be awarded the Hourly Plan because there is no
evidence that Frances agreed to this award.  See T.O. Stanley Boot Co. v.
Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992) (contracts require mutual
assent to be enforceable).  However, Frances=s
Ano evidence@ contention is not
dispositive of this appeal.  Even if the trial court had correctly determined
that there was not an agreement for Jimmie to be awarded the Hourly Plan, the
court was still required to divide the Hourly Plan in a Ajust and right@
manner under Tex. Fam. Code Ann. ' 9.203(a) (Vernon 2006).  The trial
court stated in its findings of fact and conclusions of law that awarding the
Hourly Plan to Jimmie is a just and right division.  Frances has not attacked
the Afair and right@ determination on appeal. 
Moreover, there appears to be evidence that the award of the Hourly Plan to
Jimmie was equitable.  The Salaried Plan awarded to Frances generates a monthly
benefit that is roughly equal to the monthly benefit of the Hourly Plan awarded
to Jimmie.  Furthermore, Frances retained all of her retirement from her
previous employment.  Frances=s
first issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

April 10, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]Jimmie actually worked for Frito Lay.  Frito Lay is
affiliated with PepsiCo.